<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ATAIN SPECIALTY INSURANCE COMPANY,**<br><br>    *Plaintiff*,<br><br>    v.<br><br>**LUSA CONSTRUCTION, INC., et al.,**<br><br>    *Defendants*. | **Civil Action No. 14-4356**<br><br>**OPINION** |

      This matter comes before the Court by way of Plaintiff Atain Specialty Insurance Company's ("Atain") Motion for Summary Judgment, Dkt. No. 46, and Intervenor Crum & Forster Specialty Insurance Company's ("Crum & Forster") Cross-Motion for Summary Judgment, Dkt. No. 47. The parties dispute whether a particular exclusion prevents coverage over Lusa Construction, Inc. ("Lusa") and Waterside Construction, LLC ("Waterside"). Because the exclusionary language unambiguously covers Lusa, summary judgment will be granted in favor of Atain as to Lusa. The opposite is true for Waterside; the exclusionary language requires a contract with Waterside and no contract with Waterside is present here. The Court will therefore grant summary judgment in favor of Waterside against Atain.

**I. BACKGROUND**

      This case turns on whether a contract exclusion of independent contractors, subcontractors, and their employees prevents an insurance policy from covering certain claims.

      Non-party Carlos Araujo was injured on a construction site while installing a plumb line for masonry work. Atain's 56.1 Statement of Undisputed Facts ¶ 1 ("Atain 56.1 Statement"). He filed a lawsuit, alleging that he was injured while working on a worksite for JKL Construction

("JKL"). Id. ¶¶ 2-4. He also brought a worker's compensation claim against JKL, which was deemed compensable. Id. ¶ 11.

While it employed Mr. Araujo, JKL was a subcontractor for Lusa, which was itself a contractor for Waterside. Id. ¶¶ 6-7. Waterside was the general contractor for the construction project on which Mr. Araujo was injured. Id. ¶ 5.

Lusa had acquired a commercial general liability insurance policy from Atain that provided coverage from May 11, 2011 to May 11, 2012. Id. ¶ 12. The insurance policy extended coverage to "additional insured" entities where they are a "person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." Aff. Joseph DeDonato Ex. G, Atain Insurance Policy Endorsement No. CG 20 33 07 04, Dkt. No. 46-8 at 34. Waterside is an "additional insured" under this section of the policy. Crum & Forster's Statement of Undisputed Mat. Facts ¶ 10, Dkt. No. 47-1. The insurance policy contained an "Employer's Liability" exclusion, which excluded coverage for

> 'Bodily Injury' to an 'employee', subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'leased worker' or 'volunteer worker' of the insured arising out of and in the Course of employment by or service to the insured for which the insured may be held liable as an employer or in any other capacity;

Atain 56.1 Statement ¶ 13. "Independent Contractor" was defined as

> one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. 'Independent contractor' includes, but is not limited to, subcontractors and any employees of a subcontractor, and employee of an independent contractor, and 'employees' of the insured, agents, representatives, volunteers, spouses, family members or the insured or any Additional Insureds added to this policy.

Id.

After being sued, Lusa requested that Atain defend and indemnify it. Id. ¶ 14. Atain denied coverage on the basis of the Employer's Liability exclusion because Mr. Araujo was an employee of a subcontractor of Lusa. Id. ¶¶ 15, 16. On January 7, 2014, Crum & Forster, the insurer of Waterside, tendered the defense and indemnification of Waterside and Liberty Commons II, LLC (the owner of the property under construction) to Atain for coverage. Id. ¶ 17. Atain again denied coverage based upon the Employer's Liability exclusion. Id. ¶ 18. On June 19, 2014, Liberty Commons II served another tender of its defense on Atain. Id. ¶ 20. In response, Atain filed this action on July 10, 2014, seeking declaratory judgment that coverage does not extend to Lusa, Waterside, or Liberty Commons II, LLC. Id. ¶ 21.[1]

Crum & Forster intervened because it would be forced to pay for any insurance proceeds that Atain did not cover. Id. ¶ 25. Both Atain and Crum & Forster now move for summary judgment concerning whether the insurance policy covers Lusa and Waterside. Dkt. Nos. 46, 47.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[S]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). All facts

---

[1] Liberty Commons II's claim for indemnification was terminated by law pursuant to a court order in the coterminous state court proceeding. See Order dated Aug. 7, 2015, Decl. of Joseph DeDonato Ex. R, Dkt. No. 46-19. Thus, the only dispute concerning it is whether Crum & Forster's expenses incurred in defending Liberty Commons II must be repaid by Atain.

and inferences must be construed in the light most favorable to the non-moving party. Peters v. Del. River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994).

**III.    ANALYSIS**

There is no dispute that Lusa is an insured under the policy, and Waterside is an "additional insured." The central issue concerns whether the Employer's Liability exception excludes coverage for both of these entities. The Court finds it does exclude coverage for Lusa, but not for Waterside.

**A.  Underlying Law**

"Under New Jersey law, insurance contracts are interpreted using context-specific principles of construction, with the understanding that the policy must be 'liberally construed in favor of the insured and strictly construed against the insurer.'" Arcelormittal Plate, LLC v. Joule Tech. Servs., Inc., 558 F. App'x 205, 209 (3d Cir. 2014) (quoting Shotmeyer v. N.J. Realty Title Ins. Co., 195 N.J. 72, 948 A.2d 600, 605 (2008)). "In the absence of ambiguity, an insurance policy should be interpreted according to its plain, ordinary meaning." Shotmeyer, 195 N.J. at 82. "Where an ambiguity does exist, 'courts interpret the contract to comport with the reasonable expectations of the insured. . . .'" Arcelormittal Plate, 558 F. App'x at 209 (quoting Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001)).

Several cases have enforced employer's liability exclusions similar to the one here. See Maryland Cas. Co. v. NIM Ins. Co., 48 N.J. Super. 314 (App. Div. 1958) aff'd, 28 N.J. 17 (1959); Erdo v. Torcon Const. Co.. Inc., 275 N.J. Super 117, 123 (App. Div. 1994). In these cases, the courts interpreted "the insured" to refer to the particular insured seeking coverage, as opposed to only the party that acquired the policy. See Maryland Cas. Co., 48 N.J. Super. at 314; Erdo, 275 N.J. Super at 123. The Third Circuit in Arcelormittal Plate, applying New Jersey law, also

4

interpreted "the insured" to mean "the insured making the claim." 558 F. Appx. 205, 211 (3d Cir. 2014).

Based on these cases, the parties agree that, when applying New Jersey law, the phrase "the insured" refers to the insured seeking coverage, so the contract analysis functionally replaces the words "the insured" with each individual entity seeking coverage to determine whether the exclusions apply to that entity. See Atain Reply at 4, Dkt. No. 56; Crum & Forster Reply at 4, Dkt. No. 61. Because no party disputes that "the insured" should be replaced with the particular insured seeking coverage, the Court will utilize that method.[2]

### B. The Policy Excludes Lusa

The Employer's Liability exclusion precludes coverage for Lusa. It excludes coverage for "'Bodily Injury' to an . . . employee of any subcontractor . . . of the insured arising out of and in the Course of employment by or service to the insured for which the insured may be held liable . . . in any other capacity." Atain 56.1 Statement ¶ 13. Mr. Araujo was an employee of JKL, which was a subcontractor of Lusa. The injury occurred out of the course of Mr. Araujo's employment with JKL, while performing work for Lusa. Finally, Lusa may be held liable for the injury, as evidenced by the suit against it in state court. Thus, the policy excludes coverage of Lusa here.[3]

---

[2] This is, however, not as straightforward as the parties' agreement makes it seem. The Third Circuit's decision in Arcelormittal Plate actually limited "the insured" to a single entity, making the interpretation of the contract simple. By contrast, interpreting "the insured" to mean each individual bringing a claim when multiple entities bring claims means that the scope of the same exclusion may dramatically vary in the same case. It is questionable whether the parties considered that the policy exclusions would entirely change based upon who sued. Still, no party raises this argument, so the Court will apply the parties' proposed framework.

[3] Lusa argues that "the ATAIN policy does not 'strictly construe[]' any coverage owed to the Insured Lusa under the policy." Lusa's Opp. Brief at 8, Dkt. No. 49. This argument misunderstands what strict construction means. It does not mean that insurers cannot use broad exclusions. It simply means that exclusions must be clear, and if there is substantial ambiguity, then the exclusion will be interpreted narrowly rather than broadly. In short, strict construction does not prevent exclusion by plain language. The exclusion as applied to Lusa is not ambiguous, so strict construction is irrelevant.

### C. The Policy Covers Waterside and Liberty Commons II[4]

The Employer's Liability exclusion does not preclude coverage for Waterside, however. JKL was not a subcontractor of Waterside; they never contracted with each other. Atain argues that JKL was an independent contractor, instead. The Court disagrees.

The insurance policy defines "Independent Contractor" as "one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service." Atain 56.1 Statement ¶ 13. JKL clearly retained control over the means used to perform the work. And JKL did contract with Lusa, but not with Waterside. The issue therefore distills to whether the Employer's Liability exclusion defines "independent contractor" to include only those who contract with the insured, or more broadly as those who contract with anyone to do work that eventually benefits the insured.

The former is the best reading of this language. The Employer's Liability provision excludes coverage for employees of "independent contractor[s] . . . of the insured." Id. The language "of the insured" modifies "independent contractor." It imposes some requirement that the independent contractors be tied to the insured. This requirement cannot merely be that the benefit accrue to the insured, as that is already stipulated in subsequent language: "arising out of and in the Course of employment by or service to the insured. . . ." Id. One basic canon of construction explains that language should not be construed in a manner which creates redundancies, without cause. See Capitol Bus Co. v. Blue Bird Coach Lines, Inc., 478 F.2d 556 (3d Cir. 1973) ("It is a standard tenet of contract interpretation that the contract is to be considered as a whole and effect given, wherever possible, to all its parts."); Rossville Salvage Corp. v. S. E.

---

[4] Throughout this section, the Court's reasoning concerning the inapplicability of the Employer's Liability exception to Waterside applies with equal force to Liberty Commons II. Atain provides no argument as to why Liberty Commons II would not be covered, if Waterside is. The Court subsequently refers only to Waterside, not Liberty Commons II, for the sake of simplicity.

Graham Co., 319 F.2d 391 (3d Cir. 1963) ("An interpretation which gives effect and meaning to a term is to be preferred over one which makes such term mere surplusage or without effect."). Here, a better explanation exists: "of the insured" requires that the contract the independent contractor enters must be with the insured.

This interpretation makes the most sense. Otherwise, "independent contractor" takes on an absurdly broad scope, encompassing anyone who contracts with anyone else. The language is at best ambiguous, and the Court generally construes ambiguous insurance policy exclusions narrowly. See Princeton Ins. Co. v. Chunmuan, 151 N.J. 80, 95 (1997) ("in general, insurance policy exclusions must be narrowly construed"); see also Aetna Ins. Co. v. Weiss, 174 N.J. Super. 292, 296 (App. Div.), certif. denied, 85 N.J. 127 (1980); Cobra Prods., Inc. v. Fed. Ins. Co., 317 N.J. Super. 392, 401 (App. Div. 1998), certif. denied, 160 N.J. 89 (1999). Thus, both the policy of narrowly construing ambiguous insurance exclusions and the principle of avoiding surplusage in contract interpretation support interpreting "independent contractor . . . of the insured" to mean that the independent contractor must contract with the insured.

Once "independent contractor" is interpreted to require a contract with the insured, the outcome in this case is obvious. JKL contracted with Lusa, not Waterside. Atain 56.1 Statement ¶¶ 5-7. JKL therefore does not qualify as an independent contractor of Waterside, so the Employer's Liability exclusion does not preclude coverage here. Since Atain relies upon no other exclusion to prevent coverage of an undisputed "additional insured," the Court will grant summary judgment in favor of Waterside.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motions. An appropriate order accompanies this opinion.

Date: June 21, 2016                             */s Madeline Cox Arleo*
                                                **MADELINE COX ARLEO**
                                                **UNITED STATES DISTRICT JUDGE**